IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30551
Summary Calendar
_____

COREGIS INSURANCE COMPANY,

Plaintiff-Appellee,

versus

TERRY A. BELL,

Defendant,

PEGGY NAGELE,

Intervenor-Appellant.
--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-2502-F)
--------------------

November 26, 1999

Before POLITZ, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

This appeal arises from an action instituted in district court by Plaintiff-Appellee Coregis Insurance Company ("Coregis"), which, in its amended complaint, sought a ruling that a legal malpractice claim by Intervenor-Appellant Peggy Nagele against Coregis's insured, Defendant Terry Bell, attorney at law, is excluded from coverage under Bell's malpractice policy, issued by Coregis, by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

virtue of an express exclusion contained in the policy.[1]  The district court ultimately granted Coregis's motion for summary judgment to exclude Nagele's claim against Bell and his law firm, concluding that no material issues of fact exist, that the wording of the subject policy exclusion is clear and unambiguous, and that it applies to Nagele's claim as a matter of law.  We affirm.

In abbreviated form, the following operable facts and proceedings in the district court are relevant.  Nagele sought and received the assistance of Attorney Bell, her brother-in-law, in connection with a dispute arising from disagreements between Nagele and her co-owner of a closely held corporation.  When all the dust had settled, Nagele had neither stock nor payment for her stock, her co-owner had no stock but had been paid for it, and Bell had all the issued and outstanding stock.  Nagele filed a complaint with the Office of Disciplinary Counsel of the Louisiana State Bar Association in which she outlined her concerns and concluded that "I have every intention of filing a lawsuit against Terry Bell and the Bell Law Firm for his actions."

Within a very few months, Bell and the members of his firm applied to Coregis for professional errors and omission (malpractice) insurance.  In completing the application, a key question about actual or potential claims was answered in the

---

[1]  B. All CLAIMS arising out of any act, error, or omission, or PERSONAL INJURY occurring prior to the effective date of this policy if any INSURED at the effective date knew or could have reasonably foreseen that such act, error, omission, or PERSONAL INJURY might be expected to be the basis of a CLAIM.

negative.[2]

Several months after that, Nagele sued Bell in state court and subsequently amended her petition to implead Coregis as a co-defendant. Coregis then filed the instant action in district court on the basis of diversity, seeking cancellation of the entire policy for material misrepresentations. After failing to obtain a favorable summary judgment on that theory, Coregis amended its complaint in an effort to avoid coverage of the Nagele claim by virtue of the express policy exclusion.[3]

The district court initially denied this motion for summary judgment, but granted it on rehearing. The court held that the Coregis policy does exclude Nagele's claim. This appeal ensued.

When the district court granted summary judgment, it filed a lengthy written ruling reciting the facts and procedural history in detail and analyzing the facts in light of the applicable law and pertinent provisions of the policy. We have now reviewed the operable facts of this case as reflected by the record on appeal and have carefully considered the applicable law as set forth in the appellate briefs of counsel and in the district court's Ruling on Motion of April 3, 1998. As a result, we are satisfied that the legal analysis and conclusion of the district court are correct and

---

[2] "After inquiry of each lawyer named in question 7, is the applicant, its predecessor firm or any lawyer proposed for this insurance aware of any circumstance, act, error, omission or personal injury which might be expected to be the basis of a claim or suit? If yes, please complete a claim information supplement."

[3] See, supra n.1.

3

free of reversible error.  No useful purpose would be served in duplicating the effort of the district court by writing further in this opinion.  Therefore, for the reasons stated by the district court, its judgment excluding the Nagele claim from coverage of the Coregis policy is, in all respects,

AFFIRMED.